**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CYNTHIA SMITH-BUTTS** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 10-5756** |
| | : | |
| **MICHAEL J. ASTRUE,** | : | |
| **Commissioner of the Social Security** | : | |
| **Administration** | : | |

## <u>ORDER</u>

Plaintiff Cynthia Smith-Butts filed this action requesting judicial review of the final

decision of the Commissioner of the Social Security Administration, denying her claim for

Supplemental Security Income and Disability Insurance Benefits under Titles II and XVI of the

Social Security Act.  This Court referred the matter to United States Magistrate Judge Linda K.

Caracappa who issued a Report and Recommendation ("R&R") that the Commissioner's decision

be affirmed.  Plaintiff filed timely objections to the R&R.

The Commissioner affirmed the decision of the Administrative Law Judge ("ALJ"), who

found that Plaintiff suffered from a severe impairment of cervical spondylosis with shoulder pain,

but that Plaintiff had the residual functional capacity to perform medium work with no overhead

lifting, and that Plaintiff could work as a bill collector, lab technician, or administrative assistant.[1]

The Magistrate Judge determined that the ALJ's decision was supported by substantial evidence.

In her objections, Smith-Butts argues that (1) the Magistrate Judge erred in not concluding that the

ALJ was required to include in the hypothetical question to the vocational expert ("VE") mild

difficulties with regard to maintaining social functioning and concentration, persistence, or pace;

(2) the Magistrate Judge erred in concluding that the ALJ's finding that Plaintiff does not have a

---

[1] R. at 2.

severe mental impairment was supported by substantial evidence; and (3) the Magistrate Judge should have recommended that Plaintiff's Motion for Summary Judgment be granted.

The Court has conducted a *de novo* review of those parts of the R&R to which objections have been made, and has the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[2]  Upon careful review, the Court agrees with the Magistrate Judge's recommendation.

For a VE's answer to a hypothetical question to be considered substantial evidence, the question must reflect all of the claimant's impairments that are supported by the record.[3]  In eliciting testimony from a VE, the ALJ's hypothetical need not contain every impairment alleged by the claimant; it must only convey the claimant's credibly established limitations.[4]  Plaintiff argues that the ALJ found that Plaintiff suffered from mild depression, including mild difficulties with activities of daily living; maintaining social functioning; and maintaining concentration, persistence or pace, but failed to include these limitations in the hypothetical questioning of the VE.  The Court disagrees.  The ALJ found that Plaintiff's depression "results in no more than mild activities [sic] of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace . . . ."[5]  The Court agrees with the conclusion in the R&R that the ALJ did not find that Plaintiff had mild difficulties in maintaining concentration, persistence, or pace, but instead found only that Plaintiff did not reach the level of

---

[2] Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (quoting 28 U.S.C. § 636(b)(1)(C)) (internal quotation marks omitted).

[3] Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).

[4] Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).

[5] R. at 12.

moderate difficulties that would be required to meet a listing of impairment, as explained at greater length in the R&R.[6]  Thus, there was no finding of mild impairment to be included in the hypothetical to the VE, and no error in failing to do so.

Plaintiff also argues that the ALJ erred in failing to conclude that Plaintiff suffered from a severe mental impairment, specifically depression.  The ALJ addressed Plaintiff's diagnosis of depressive disorder, but noted that her intake evaluation at COMHAR stated that Plaintiff had normal grooming and hygiene, was calm, cooperative, alert, and oriented, and had no impairment of attention or concentration.[7]  This finding is consistent with other evaluations at COMHAR, where Plaintiff received regular treatment,[8] as well as other evaluations that stated that although Plaintiff suffers from depression, her concentration and attention are intact.[9]  The ALJ also discussed Plaintiff's Global Assessment of Functioning ("GAF") score of 60, and explained why it was not considered evidence of severe impairment.[10]  In addition, in her testimony, Plaintiff did not cite her depression as a reason she could not work, and testified that her weekly treatment at COMHAR was helping her.[11] Although the ALJ could have addressed the medical records in more detail, there is no indication that the ALJ "'cherry-pick[ed]' or ignor[ed] medical

---

[6] R&R at 13-14

[7] R. at 12.

[8] See, e.g., R. at 357, 359.

[9] See R. at 457 (report from Thomas Jefferson University Hospital dated November 7, 2007); R. at 239 (report from 11th Street Family Health Center of Drexel University dated June 21, 2007).

[10] This was not error.  "A GAF score does not have a direct correlation to the severity requirements of the Social Security mental disorder listings, and [even] a GAF score of 45, if credited, would not require a finding of disability." Gilroy v. Astrue, 351 F. App'x 714, 715 (3d Cir. 2009) (citation omitted).

[11] R. at 40.

assessments that ran counter to [his] finding"; the decision is supported by substantial evidence, and remand is not warranted.[12]

**AND NOW**, this 14th day of December 2012, after careful review and consideration of Plaintiff's request for review, Defendant's response, the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, the objections thereto and the response to the objections, it is hereby **ORDERED** that:

1.     Plaintiff's Objections are **OVERRULED**;

2.     The Report and Recommendation is **APPROVED** and **ADOPTED**;

3.     Plaintiff's Motion for Summary Judgment is **DENIED**; and

4.     The decision of the Commissioner is **AFFIRMED**.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____

**CYNTHIA M. RUFE, J.**

---

[12] <u>Rios v. Comm'r of Soc. Sec.</u>, 444 F. App'x 532, 535 (3d Cir. 2011) (citations omitted).